**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

Kareemah Bell,

Plaintiff,

v.

International Spy Museum

Defendant.

Civil Action No.: 07-0894

Judge Paul L. Friedman

**DEFENDANT INTERNATIONAL SPY MUSEUM'S MOTION TO DISMISS**

Defendant International Spy Museum ("Defendant" or "Spy Museum"),[1] by and through its undersigned counsel and pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby moves to dismiss Plaintiff Kareemah Bell's ("Plaintiff") Complaint with prejudice. In support thereof, Defendant states:

1. On February 27, 2007, Plaintiff filed a Complaint alleging discrimination, purportedly against Carolyn Redding in her individual capacity, because Plaintiff was not hired for an unidentified job by the International Spy Museum. Ms. Redding serves as the Spy Museum's HR Director.

---

[1] Plaintiff Kareemah Bell's Complaint is, at best, confusing and incomprehensible. Reading Plaintiff's Complaint, it appears that she is attempting to file a lawsuit against International Spy Museum, yet she also identifies Carolyn Redding as a party. To the extent Plaintiff identifies Carolyn Redding as a party to this lawsuit, the Spy Museum respectfully requests that Plaintiff's Complaint against Carolyn Redding be dismissed for the reasons stated herein.

2. The entire Complaint was apparently based on the fact that Ms. Redding had acknowledged receipt of Plaintiff's application for a position. The Complaint was silent with respect to the statute under which Plaintiff was attempting to proceed.

3. On May 14, 2007, this Court stayed future action on Plaintiff's Complaint, and directed her to provide a right to sue letter from the Equal Employment Opportunity Commission, thereby demonstrating that she had exhausted her administrative remedies as required. The Court also presumed and treated her Complaint as being brought against the International Spy Museum, and not against Ms. Redding in her individual capacity. [Docket #4]. There is no individual liability under Title VII. *See Mitchell v. National R.R. Passenger Corp.*, 407 F. Supp. 2d 213, 241 (D.D.C. 2005) (recognizing that individual employees cannot be held liable under Title VII). *See also Wallace v. Skadden, Arps, Slate, Meagher & Flom*, 715 A.2d 873, 888 -89 (D.C. App. 1998) (recognizing that "'the clear majority of the courts of appeals that have considered this question have held that individual employees cannot be held liable under Title VII.'").

4. On June 14, 2007, Ms. Bell responded by providing the Court with copies of documents from the District of Columbia Office of Human Rights ("DCHOR"), indicating that she had filed a claim with that agency, alleging that the Spy Museum had discriminated against her. She also included documents demonstrating that <u>the DCOHR had dismissed her claim for failure to state a claim upon which relief could be granted</u>. [Docket # 5]. Ms. Bell did not provide the Court with a right to sue letter.

5. On June 27, 2007, this Court lifted the stay. [Docket # 7].

6. On July 2, 2007, Ms. Redding was served with a copy of Plaintiff's Complaint, apparently in her individual capacity. [Docket # 9].

7. Plaintiff's Complaint should be dismissed with prejudice for a number of reasons:

(A) In derogation of the Court's Order, Plaintiff did not provide a right to sue letter. She cannot therefore demonstrate that she has exhausted her administrative remedies as required in order to proceed under Title VII. 42 U.S.C. § 2000e-5(b), (e) and (f).

(B) Similarly, Plaintiff cannot attempt to proceed under the District of Columbia Human Rights Act, because the DCOHR has rendered already rendered a decision, and "[t]he jurisdiction of the Court and the OHR are mutually exclusive." *Parker v. National Corp. for Housing Partnerships*, 697 F. Supp. 5, 7 (D.D.C. 1998). *See Hogue v. Roach*, 967 F. Supp. 7 (D.D.C. 1997) (employee could not bring DCHRA claim where she filed charge with administrative agency but did not withdraw it before the agency rendered its decision); D.C. Code § 21403.16.

(C) No matter whether Plaintiff attempts to proceed under Title VII or the DCHRA, or whether she is attempting to sue the Spy Museum or Ms. Redding, Plaintiff's Complaint must be dismissed because she has utterly failed to state a cognizable claim. *See Bell Atlantic Corporation v. Twombly*, 127 S. Ct. 1955, 1969 (May 21, 2007). Indeed, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' [(as required by Fed. R. Civ. P. 8(a)(2))] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . ." *Id.* at 1965 (citation omitted). "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id.*

> "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." *Id.* at 1965 n.3. "[W]e hold that stating such a claim requires a complaint with enough factual matter (taken as true) to suggest that" the elements of the claim exist. *Id.* at 1965. "The need at the pleading stage for allegations plausibly suggesting (not merely consistent with) [elements of the claim] reflects the threshold requirement of Rule 8(a)(2) that the 'plain statement" possess enough heft to "sho[w] that the pleader is entitled to relief.'" *Id.* at 1966.

8. Plaintiff, a serial litigator[2], has filed another wholly unsupported Complaint. She has failed to exhaust her administrative remedies under Title VII and she is precluded from proceeding under the DCHRA. She cannot hope to sue Ms. Redding under Title VII, and she has not properly affected service on the Spy Museum. Plaintiff's Complaint should be dismissed with prejudice.

WHEREFORE, for the foregoing reasons, Defendant respectfully requests that its motion be granted and that Plaintiff's Complaint be dismissed with prejudice.

[2] A cursory review of the Court's docket indicates that Plaintiff has filed many, many lawsuits, all of them apparently without basis.

DATED: July 23, 2007

Respectfully submitted,

INTERNATIONAL SPY MUSEUM

By /s/ Raymond C. Baldwin

Raymond C. Baldwin (Bar No. 461514)
Jessica G. Taverna (Bar No. 973870)

SEYFARTH SHAW LLP
815 Connecticut Avenue, NW, Suite 500
Washington, DC 20006
(202) 463-2400

Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I certify that a true copy of the foregoing Defendant International Spy Museum's Motion to Dismiss, was served by first class U.S. mail, postage prepaid, this 23rd day of July, 2007 upon:

Kareemah Bell
P.O. Box 34182, N.W.
Washington, DC 20043

_______/s/ Jessica G. Taverna ___
Jessica G. Taverna

Copies to:

Raymond C. Baldwin (Bar No. 461514)
Jessica G. Taverna (Bar No. 973870)
SEYFARTH SHAW LLP
815 Connecticut Avenue, NW, Suite 500
Washington, DC 20006
(202) 463-2400

Attorneys for Defendant

Kareemah Bell
P.O. Box 34182, N.W.
Washington, DC 20043

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

Kareemah Bell,

Plaintiff,

v.

International Spy Museum

Defendant.

Civil Action No.: 07-0894

Judge Paul L. Friedman

**ORDER**

Upon consideration of Defendant's Motion to Dismiss Plaintiff's Complaint, any Opposition thereto and the entire record herein, it is this _______ day of _______, 2007,

ORDERED, that the Motion be and HEREBY IS GRANTED, and it is further

ORDERED, that Plaintiff's Complaint is dismissed with prejudice.

SO ORDERED.

______________________________
The Honorable Paul L. Friedman
United States District Judge