UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| KAREEMAH BELL, | ) | |
|  | ) | |
| Plaintiff, | ) | |
|  | ) | |
| v. | ) | Civil Action No. 07-0894 (PLF) |
|  | ) | |
| CAROLYN REDDING, *et al.*, | ) | |
|  | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION

This matter is before the Court on defendants' motion to dismiss. The motion will be granted and this action will be dismissed without prejudice.

I.  BACKGROUND

Plaintiff's complaint, in its entirety, reads as follows:

February 22, 2007, the International Spy Museum held a job fair **FOR ALL TO ATTEND**. Carolyn Redding, Human Resources Manger for the museum[,] informed me that she was aware of me. I have applied for several positions over the course of two years. Ms. Redding told me to leave the job fair do [sic] to lack of interest. The following positions are as followed [sic] Bookkeeper/Administrative Assistant, Retail Sales Associate, Visitor Services Operatives, and Operation Spy Guide. I am seeking a trial date by a jury. Do [sic] to the racial discrimination[,] I am requesting that the court will grant me seventy-five thousand dollars in damages.

Compl. at 1 (emphasis in original). Liberally construing this *pro se* pleading, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court treats it as an employment discrimination action against the International Spy Museum under Title VII of the Civil Rights Act of 1964, as amended. *See* 42 U.S.C. § 2000e *et seq.* [1]

---

[1]   The Court dismisses with prejudice Carolyn Redding as a party defendant. No individual may be held liable under Title VII. *See Cruz-Packer v. District of Columbia*, No. 06-2263, 2008

(continued...)

II.  DISCUSSION

*A.  Exhaustion of Administrative Remedies*

Generally, there are two prerequisites to maintaining a Title VII claim in a district court.  A plaintiff must timely file a charge with the United States Equal Employment Opportunity Commission and she must receive from the EEOC a right-to-sue letter before filing a civil complaint.  *See* 42 U.S.C. § 2000e-5(b), (e), (f); *see also Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 47 (1974).  Although the Court initially stayed proceedings to give plaintiff an opportunity to submit a right-to-sue letter, she did not do so.[2]  Absent a showing that plaintiff has exhausted her administrative remedies, her claims must be dismissed.  *See Jones v. District of Columbia*, 273 F. Supp. 2d 61, 64 (D.D.C. 2003) (dismissing without prejudice claims of plaintiffs who "failed to make any showing of administrative exhaustion (i.e., a 'right to sue' letter)").

---

[1](...continued)
WL 732112, at *2 (D.D.C. Mar. 20, 2008) ("Title VII does not impose liability on individuals in their personal capacity."); *Mitchell v. Nat'l R.R. Passenger Corp.*, 407 F. Supp. 2d 213, 214 (D.D.C. 2005).  "[W]hile a supervisory employee may be joined as a party defendant in a Title VII action, that employee must be viewed as being sued in his capacity as the agent of the employer, who is alone liable for a violation of Title VII." *Gary v. Long*, 59 F.3d 1391, 1399 (D.C. Cir. 1995).

[2]  Among plaintiff's submissions were papers related to the filing of a claim before the District of Columbia Office of Human Rights ("OHR").  *See* Plaintiff[']s Response to Order [Dkt. #5], Attach. (OHR Complaint Form).  OHR dismissed her claim administratively because plaintiff failed to state a claim upon which relief may be granted.  *See id.* (April 6, 2007 letter from Gustavo Velazquez, Director, OHR).

*B. Failure to Oppose Defendant's Motion to Dismiss*

As is customary in civil actions filed by a *pro se* litigant, the Court issued an Order on July 24, 2007 to advise plaintiff of her obligation to file an opposition to defendant's motion to dismiss and the consequences of her failure to do so.  The Court may treat as conceded any motion that the non-moving party fails to oppose.  *See* LCvR 7(b); *FDIC v. Bender*, 127 F.3d 58, 67-68 (D.C. Cir. 1997) (treating plaintiff's summary judgment motion as conceded because defendant failed to file a timely opposition).  In this case, plaintiff failed to file an opposition.[3]  For this reason, the Court may treat defendants' motion as conceded.  *See, e.g., Fox v. Am. Airlines, Inc.*, 389 F.3d 1291, 1294 (D.C. Cir. 2004) (affirming district court's grant of motion to dismiss as conceded due to the plaintiff's failure to file a response); *Malik v. District of Columbia*, No. 05-1374, 2008 WL 628544, at *2 (D.D.C. Mar. 10, 2008) (granting defendant's summary judgment motion as conceded because plaintiff failed to oppose arguments set forth therein).

III.  CONCLUSION

The Court concludes that defendants set forth two cognizable bases for dismissal of this action.  Plaintiff does not show that she exhausted her administrative remedies by submitting a right-to-sue letter from the EEOC, and she has failed to file a timely opposition to defendants' motion to dismiss.  Accordingly, defendants' motion will be granted and this action

---

[3]  Plaintiff chose instead to appeal the July 24, 2007 Order, *see* Notice of Appeal [Dkt. #12], and the appeal has been dismissed for lack of prosecution.  *See Bell v. Redding*, No. 07-7111 (D.C. Cir. Nov. 29, 2007).

will be dismissed without prejudice.  An Order consistent with this Memorandum Opinion is issued separately on this same date.

/s/
PAUL L. FRIEDMAN
United States District Judge

DATE:  March 28, 2008